On remand, the circuit court fully complied with our order and conducted an evidentiary hearing. The defendant was given every opportunity to prove his contention that his trial counsel was ineffective. At the conclusion of the hearing, the trial court made the following findings:
 "This the 22nd day of February, 1985, came David Barber, district attorney, who prosecutes for the State of Alabama, and also came Robert Sutton, attorney for the defendant, Richard Bracy, alias Ricky Bracy. Hearing conducted this date in re Mr. Sutton's effectiveness as trial counsel. Testifying were Honorable Bob Sutton, defendant's trial counsel and Honorable Harwell Davis, prosecutor at trial. Court finds from the testimony adduced and further from a review of the trial transcript that Mr. Sutton in all respects represented defendant Richard Bracy, alias Ricky Bracy, effectively and in keeping with the highest calibre of professionalism. Attorney Robert Sutton *Page 1137 
did all things that he could have conceivably done to secure the presence of defendant's brother who was being housed in a federal correctional institution, including verbal communication with jail personnel, Mr. Harwell Davis, and James Garrett, Judge; filing appropriate motions with trial court that were granted, and yet because it became impossible to secure the defendant's brother (who was charged with the murder of a federal inmate during the pendency of Richard Bracy's case) never were executed, writing letters to the responsible persons, copies to the court file and finally requesting a continuance on the date this case proceeded to trial in the undersigned's court, said request being denied. Defendant expressed his gratitude to Mr. Robert Sutton during the trial and at sentencing and was at all times satisfied with Mr. Robert Sutton's representation. Defendant being convicted of Manslaughter in lieu of Murder which could have mandated a life without parole sentence. Court concludes that Mr. Sutton did all in his power to secure witness Bracy, that there were no other methods or means by which he could have reasonably secured witness Bracy or his statement, that indeed, witness Bracy's testimony for all the court knows, would not have been compatible with the defendant's theory of the case but would have corroborated the State's accomplice liability theory upon which defendant was prosecuted. Defendant has not developed any evidence which remotely suggests to the court that there would have been a different jury verdict had trial counsel proceeded other than in the very professional manner that he exhibited throughout the entire proceedings in this case, i.e., court finds that counsel's performance — pretrial and during trial — was exemplary, and further that there is no evidence to suggest to the court that the absence of defendant's brother in any wise prejudiced the defendant.
Applying the standard of effectiveness of Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we agree with the circuit court that defense counsel was not ineffective. The judgment of the circuit court is affirmed.
OPINION EXTENDED;
JUDGMENT AFFIRMED.
All Judges concur.